**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4579**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

RASHAWN RAKI WALLACE,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson Jr., District
Judge.  (3:07-cr-00155-JFA-17)

Submitted:  July 29, 2010              Decided:  August 12, 2010

Before TRAXLER, Chief Judge, and NIEMEYER and AGEE, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, Stacey D. Haynes, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashawn Wallace was convicted of eight counts of distribution and possession with intent to distribute crack cocaine, see 21 U.S.C. § 841, and was sentenced to 400 months' imprisonment. Wallace appeals, challenging his conviction and sentence. We affirm.

Wallace first contends the district court erred by allowing the government to introduce in its case-in-chief evidence of Wallace's 2004 state-court conviction for possession with intent to distribute crack cocaine. We find no error.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence, however, may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. By pleading not guilty, Wallace placed his intent at issue, and we cannot say the district court abused its discretion by admitting the conviction as evidence of Wallace's knowledge and intent to distribute. See, e.g., United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004); United States v. Sanchez, 118 F.3d 192, 195-96 (4th Cir. 1997). Similarly, we find no error in the district court's determination that the probative value of the evidence was not substantially outweighed by the danger

2

of unfair prejudice. See United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) ("A district court's decision to admit evidence over a Rule 403 objection will not be overturned except under the most extraordinary of circumstances, where that discretion has been plainly abused. Such an abuse occurs only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." (citation and internal quotation marks omitted)).

We likewise reject Wallace's constitutional challenges to the admission of the 2004 conviction. To the extent Wallace contends his Sixth Amendment rights were violated when the government read the conviction into the record rather than calling a witness to establish the conviction, Wallace waived any complaint in that regard when counsel agreed to the procedure at trial. See, e.g., United States v. David, 83 F.3d 638, 641 n.5 (4th Cir. 1996) (explaining that "waiver, unlike forfeiture, may extinguish an error under Rule 52(b)" (internal quotation marks omitted)). Wallace also contends the government violated his Fifth Amendment rights by informing the jury that he pleaded guilty to the charge instead of informing the jury that he was convicted of the charge. Because Wallace did not raise this issue below, we review for plain error only, and Wallace thus bears the burden of establishing that a plain error occurred and that his substantial rights were affected by the

3

error. See United States v. Knight, 606 F.3d 171, 177 (4th Cir. 2010). Even if we assume that the other elements can be established, Wallace cannot show, given the strength of the government's evidence against him, that his substantial rights were affected by any error in this regard. See, e.g., United States v. Olano, 507 U.S. 725, 734 (1993) (explaining that an error affected a defendant's substantial rights if it "affected the outcome of the district court proceedings").

Wallace also contends that the district court erred by relying on the 2004 conviction to sentence Wallace as a career offender. See U.S.S.G. § 4B1.1(a)(3). According to Wallace, the 2004 conviction is part of the relevant conduct for the offenses of conviction and therefore should not have been considered a predicate conviction for career-offender purposes. See U.S.S.G. § 4A1.2, cmt. n.1 ("'Prior sentence' means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. . . . Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3."); U.S.S.G. § 4B1.2 cmt. n.3 ("The provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1."). Because Wallace did not object to his designation as a career offender, we review this claim for plain error only.

Wallace pleaded guilty to the state charge in 2004, but the PSR shows that he was arrested for the underlying crime in December 2001. Although the indictment alleged a conspiracy beginning in 1999, the conspiracy count was dropped and Wallace was tried only on the substantive drug counts, all of which occurred in 2006. Wallace has not established that the 2001 crime underlying the 2004 guilty plea was related in any way to the substantive distribution crimes involved in this case, and Wallace cannot show that it was error to use the 2004 conviction as a predicate conviction for career-offender purposes. Wallace therefore has not carried his burden of showing the existence of an error, plain or otherwise.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED